# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERTO GARZA-MARTINEZ,

*Petitioner*,

vs.

GREG SMITH, *et al.*,

*Respondents.*

3:14-cv-00109-HDM-WGC

ORDER

This habeas action by a Nevada state inmate comes before the Court for initial review of the petition as well as for consideration of petitioner's motion for appointment of counsel submitted therewith. The filing fee has been paid.

Based upon the partial information currently available in the federal record and on the online docket of the state supreme court, the Court finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) the possibility that the federal petition may be untimely and, if so, possibly by only a relatively short period of time; (b) allegations made in the federal and state records that petitioner is not fluent or literate in English; (c) the potential tolling issues that may arise if the action is untimely on its face; and (d) the possible difficulties presented in litigating the procedural and substantive issues in the federal action if petitioner in fact is not fluent or literate in English and lacks adequate translation assistance.[1]

/ / / /

---

[1] As noted further, *infra*, the Court makes no conclusive determination as to the status of the federal limitation period. Petitioner at all times remains responsible for accurately calculating the limitation period.

1    IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition.[2]

2    IT FURTHER IS ORDERED that the Clerk shall file the motion for appointment of counsel accompanying the petition, that the motion is GRANTED as per the remaining provisions below, and that the Clerk shall reflect the grant of the motion by this order as per the Clerk's current practice for same. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

    IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding by the Court of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

    IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall

---

[2] The filing of the petition does not signify that the pleading is free of deficiencies. *Inter alia*, a habeas petitioner must use the petition form to state all of his claims, and he must include a separate exhaustion-inquiry page for each ground.

1  enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
2  response shall be required from respondents until further order of this Court.
3       IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all state
4  court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.
5       The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along
6  with a copy of the papers that he submitted), the Nevada Attorney General, and the Federal
7  Public Defender.  The Clerk further shall regenerate notices of electronic filing of all prior
8  filings herein to both the Nevada Attorney General and the Federal Public Defender.
9       DATED: August 6, 2014.

_____
HOWARD D. MCKIBBEN
United States District Judge